made, not for failure of proof, which possibly could have been supplied, but because it was not properly pleaded. Moreover, the trial justice submitted the question to the jury without objection, and the jury found on this question in the defendant's favor.

The judgment against Joseph Buellesbach should be affirmed, with costs, and the judgment against Caspar Buellesbach should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

## MUDGETT v. GRAND TRUNK RY. OF CANADA.

(Supreme Court, Special Term, Cattaraugus County. December, 1909.)

1. ESTOPPEL (§ 68*)—PLEADING—RIGHT TO RELY ON TRUTH OF DISCLOSURE.
    Defendant, in an action against the "Grand Trunk Railway of Canada," being ordered to furnish plaintiff a statement of the time and place of delivery to defendant of a car of potatoes, plaintiff was entitled to rely on the statement furnished as to delivery to the "Grand Trunk Railway" as one of delivery to defendant, and not of delivery to another railroad, which, while part of the "Grand Trunk Railway System," was not controlled or operated by defendant.
    [Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 165–169; Dec. Dig. § 68.*]

2. PLEADING (§ 358*)—FRIVOLOUS DEFENSE—STRIKING OUT.
    A defense of general denial not being frivolous as to the issue whether potatoes were injured by an alleged delay in transportation, for which alleged injury recovery is sought, the defense cannot be stricken out as frivolous.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1096–1101; Dec. Dig. § 358.*]

3. PLEADING (§ 359*)—SHAM AND FALSE.
    While defendant, having, in response to an order to furnish information, furnished erroneous information, may be estopped to deny the truth of the information given, this does not render his affirmative defense, setting up the true facts, subject to a motion to strike as sham or false.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1120–1128; Dec. Dig. § 359.*]

Action by James W. Mudgett against the Grand Trunk Railway of Canada. Plaintiff moves to strike out the answer as sham and frivolous. Order made.

A. M. Laidlaw, for the motion.
Moot, Sprague, Brownell & Marcey, opposed.

BROWN, J. This action was commenced by the service of a summons on March 29, 1909. On April 19, 1909, the defendant's attorneys served a notice of retainer and demanded a copy of the plaintiff's complaint. On June 4, 1909, an order was granted directing the defendant to deliver to plaintiff's attorney, within 20 days, sworn copies of that portion of any books, papers, or accounts in its possession or under its control which shows when and where the defendant received the car of potatoes, and to whom and when and where the defendant delivered the same to any other railroad company. In pursuance of this order the defendant's attorneys, on July 19, 1909, served

upon the plaintiff's attorney affidavits and papers showing that the car of potatoes was received by the Grand Trunk Railway on the 19th day of November, 1904, at Pontiac, Mich., for shipment to Buffalo, N. Y., and that the Grand Trunk Railway Company delivered said shipment to the Buffalo, Rochester & Pittsburgh Railroad Company, at Buffalo, N. Y., on December 1, 1904, for shipment to Imlay, Pa. Upon receipt of this information, and on August 6, 1909, the plaintiff's attorney prepared and served the complaint, alleging the receipt by defendant of the potatoes at Pontiac, Mich., on November 19, 1904, and the delivery of such shipment to the Buffalo, Rochester & Pittsburgh Railroad Company, at Buffalo, N. Y., on December 1, 1904, and that by reason of the delay of such shipment by defendant the potatoes were destroyed, etc. On August 27, 1909, the defendant's attorneys served an answer, in which the defendant denies each and every allegation of the complaint, except defendant's incorporation, and sets up as an affirmative defense that the shipment was received by the defendant at Sarnia, Ontario, on November 24, 1904, and transported to Buffalo, where it was delivered by defendant to the Buffalo, Rochester & Pittsburgh Railroad Company on December 1, 1904. The plaintiff moves to strike out these answers as frivolous and sham, and for judgment, asserting that, because the defendant furnished information that it had received the potatoes at Pontiac, Mich., on November 19, 1904, a denial of the allegation that such was the fact is frivolous, and that an affirmative answer alleging the receipt of the potatoes at Sarnia, Ontario, on November 24, 1904, is sham and false.

The defendant insists that the information furnished in compliance with the order directing defendant to furnish the time and place of delivery to defendant does not in fact state that the potatoes were delivered to defendant, Grand Trunk Railway of Canada, at Pontiac, Mich., on November 14, 1904, and that stating delivery to the Grand Trunk Railway does not state a delivery to defendant. This is technically correct. The fact appears to be that the potatoes were delivered to the Detroit, Grand Haven & Michigan Railroad Company, at Pontiac, the last-named railroad being a part of a system known as the Grand Trunk Railway System, but not controlled or operated by the defendant; that the lost freight agent of the Grand Trunk System, located at Montreal, in furnishing the information called for by the order of June 4, 1909, made a mistake in supposing that the desired information referred to the delivery of the potatoes to the Grand Trunk System, instead of to the delivery to the Grand Trunk Railway of Canada. The defendant was directed and ordered to furnish plaintiff with a statement of the time and place of the delivery to it of the shipment, and when the defendant said that the shipment was delivered on November 14, 1904, to the Grand Trunk Railway, at Pontiac, Mich., the plaintiff had a right to rely thereon, as being a fact beyond dispute that the shipment was made to the defendant at that time and place.

The defense of general denial cannot be stricken out as frivolous, for the reason that, upon the issue as to whether the potatoes were injured by the delay in transportation, such general denial is not frivolous. The affirmative defense cannot be stricken out as sham, for in fact the matters therein contained appear to be true. The defendant,

having furnished erroneous information in response to the order of the court, may be estopped from denying the truth of the information, yet such fact does not render the affirmative defense sham or false. The real truth of the matter is that the defendant has failed to comply with the order requiring it to furnish certain data to plaintiff. The information which it did furnish was erroneous. The defendant should comply with the terms of that order, and the plaintiff should be restored to the same situation that existed at the time he received the erroneous information.

An order may be entered directing the defendant to furnish to the plaintiff within 10 days the information required by the order of June 4, 1909, and that defendant pay to plaintiff all costs that have accrued since the service of the summons, including term fee for the present term.